IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRACY IVY                                                                 PLAINTIFF

V.                                        NO. 13-5186

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION                            DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tracy Ivy, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.       **Procedural Background:**

Plaintiff filed his application for DIB on February 17, 2011, alleging an inability to work since October 11, 2010, due to sleep apnea, neck injury, diabetes, lyme disease, A.D.D. (Attention Deficit Disorder), obesity, back injury, and hypertension. (Tr. 102-103, 119, 122). An administrative hearing was held on April 4, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 22-54).

By written decision dated August 24, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - obesity, non-insulin dependent diabetes mellitus, hypertension, sleep apnea, disorder of the cervical spine, and disorder of the lumbar spine. (Tr. 11).

However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's

impairments did not meet or equal the level of severity of any impairment listed in the Listing of

Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found that

Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except he is
> limited to occasional climbing of ramps and stairs, balancing, stooping,
> kneeling, crouching, and crawling; no climbing of ladders, ropes, or
> scaffolds; and no exposure to unprotected heights or dangerous machinery.

(Tr. 12).  With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable

to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as

customer order clerk, dispatcher for maintenance service, and purchasing clerk. (Tr. 16-17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on August 16, 2013. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1).

This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties

have filed appeal briefs, and the case is now ready for decision. (Doc. 10, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are

presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole.  Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnard, 314 F. 3d

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached

does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following arguments on appeal: 1) The ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) The ALJ erred in his credibility findings; 3) The ALJ erred in his RFC determination; and 4) The ALJ failed to fully and fairly develop the record. (Doc. 10).

**A.    Plaintiff's Impairments in Combination:**

Plaintiff argues that the ALJ neglected to evaluate the effects of his obesity in combination with his other impairments.  In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"  (Tr. 10).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  (Tr. 10).  The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings.  (Tr. 10).  The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments.  (Tr. 12).  This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).   In addition, the ALJ

reported that he considered Plaintiff's obesity and the limitations associated with said obesity and incorporated them in his RFC. (Tr. 12).

Based upon the foregoing, the Court finds there is substantial evidence that the ALJ considered all of Plaintiff's impairments in combination.

### B.    Credibility Findings:

Plaintiff argues that the ALJ disregarded Plaintiff's subjective complaints of pain.  The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment. (T. 14).  The ALJ noted that Plaintiff reported limitations in all physical movements, due to the pain in his neck and lower back, and that Plaintiff stated he went from "being able to do a few things to being able to do nothing." (Tr. 13). However, it is noteworthy that on May 7, 2012, at his examination by Dr. Ted Honghiran, board certified orthopedic surgeon,

Dr. Honghiran reported that Plaintiff was able to walk normally, was able to dress and undress himself with no problems, was able to get up on his toes and heels with no problems, was markedly overweight and obese, his neck showed full range of motion, he had normal reflex and sensation in his arms on both sides, and had good grip in both hands and normal reflex and sensation. (Tr. 280). In addition, his back showed good range of motion of his lumbar spine and both right and left knee showed complete range of motion of both knees with no swelling. (Tr. 280). X-rays of his cervical spine showed evidence of severe degenerative disc disease at C5-C6 of the cervical spine, which could cause neck pain. (Tr. 280). X-rays of his lumbar spine were not very clear because of his size. (Tr. 280). X-rays of his right knee showed evidence of minimal arthritis of the medial compartment of the right knee with narrowing of the joint space. (Tr. 280). X-rays of the left knee showed minimal arthritis of the left knee along the medial compartment only. (Tr. 280).

The ALJ discussed the fact that in 2004, Plaintiff was diagnosed with sleep apnea and at a follow-up visit in 2004, was doing well with the use of CPAP. (Tr. 14).  The ALJ noted that there were no medical records available for the period from November 2004 until January 2010, when Plaintiff reported he was not sleeping well, secondary to back and knee pain. (Tr. 14).

The ALJ discussed the examination performed by Dr. Tad Michael Morgan on March 30, 2011, at the request of the state agency. (Tr. 14). Dr. Morgan found all ranges of motion in Plaintiff's shoulders, elbows, wrists, hands, hips, knees, ankles, and cervical and lumbar spine were within normal limits. (Tr. 187). He also found no muscle weakness or atrophy. (Tr. 188). Plaintiff was observed to have poor balance, but otherwise his gait and coordination was normal. (Tr. 188). Plaintiff was found to be able to hold a pen and write, touch fingertips to palm, oppose thumb to fingers, pick up a coin and stand/walk without assistive devices. (Tr. 188). Plaintiff could not

squat/arise from a squatting position because he was afraid to hurt his knees. (Tr. 188). He was found

to have 100% grip in both hands. (Tr. 188). Dr. Morgan diagnosed Plaintiff as follows:

> 1. Exogenous obesity
> 2. Hypertension
> 3. NIFFM - by history
> 4. Chronic neck/back pain - by history
> 5. Sleep apnea - by history

(Tr. 189). Dr. Morgan found Plaintiff had moderate limitations in his ability to walk, stand, lift, or

carry. (Tr. 189).

On April 9, 2011, non-examining consultant, Dr. Stephen A. Whaley, completed a Physical

RFC Assessment. (Tr. 196-203). He found Plaintiff was capable of performing light work with

certain limitations.

The ALJ observed that Plaintiff had very limited treatment, other than visits for refills of

medication, and noted that Plaintiff was likely to suffer from pain. However, he found that the

inability work without some pain or discomfort was not a sufficient reason to find a claimant

disabled within the strict definition of the Act.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's

credibility findings.

### C.    RFC Determination:

Plaintiff argues that the medical evidence of record does not support a conclusion that

Plaintiff would be capable of performing even sedentary work.  RFC is the most a person can do

despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant

evidence in the record. Id.  This includes medical records, observations of treating physicians and

others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798,

801 (8ᵗʰ Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).   Limitations

resulting from symptoms such as pain are also factored into the assessment.   20 C.F.R. §

404.1545(a)(3).   The United States Court of Appeals for the Eighth Circuit has held that a

"claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704

(8th Cir. 2001).   Therefore, an ALJ's determination concerning a claimant's RFC must be supported

by medical evidence that addresses the claimant's ability to function in the workplace.   Lewis v.

Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).   "[T]he ALJ is [also] required to set forth specifically

a claimant's limitations and to determine how those limitations affect his RFC." Id.

As indicated earlier, upon physical examination of Plaintiff on March 30, 2011, Dr. Tad

Morgan found that Plaintiff had moderate limitation in his ability to walk, stand, lift, or carry. (Tr.

189).   On April 9, 2011, non-examining consultant, Dr. Stephen A. Whaley, opined that Plaintiff

could perform light work with certain limitations. (Tr. 197).   On May 7, 2012, Dr. Ted Honghiran

concluded that Plaintiff should continue to lose weight and continue with his family doctor for

medication management of diabetes and hypertension, and that if his sleep apnea is under control,

he believed that Plaintiff should be able to work. (Tr. 281). The ALJ analyzed all of these records

and concluded that Plaintiff was more limited than determined by Dr. Whaley, and that the

assessments by Dr. Morgan and Dr. Honghiran were consistent with a limitation to sedentary work.

(Tr. 16).   The ALJ also found that the report of Plaintiff's wife basically supported Plaintiff's own

statements and added little new information to the evaluation of Plaintiff's allegations. (Tr. 16). He

further found that her statement could not be considered that of a disinterested third party whose

report would not tend to be colored by a natural affection for the Plaintiff and a tendency to agree

with his subjection complaints.   The ALJ also considered Plaintiff's own report of his limitations,

and, as indicated earlier, found his statements not totally credible.

The Court finds there is substantial evidence to support the ALJ's RFC determination.

### D.      Failure to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ failed to adequately evaluate: the effect of Plaintiff's obesity on his other impairments; to investigate the effects of his alleged ADD on his ability to focus and concentrate; his Lymes Disease; and his inability to afford consistent treatment.

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-cv-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

The Court previously addressed Plaintiff's arguments in its discussion of whether the ALJ considered Plaintiff's impairments in combination.  The Court also addressed the ALJ's discussion of the effect Plaintiff's obesity had on his abilities. The Court will not repeat those findings. Suffice it to say that there were sufficient existing medical sources before the ALJ for him to make a determination regarding Plaintiff's ability to function in the workplace.

Accordingly, the Court finds there is substantial evidence to support the fact that the ALJ fully and fairly developed the record.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 18th day of August, 2014.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE